Tom L. Johnson and Another, Respondents, *v.* The Atlantic Avenue Railroad Company of Brooklyn, Appellant.

*Amended answer — leave to serve, when properly denied — laches.*

An application for leave to serve an amended answer is properly denied on the ground of *laches* when the litigation has already continued over three years and when the defendant, long before the institution thereof, knew of a certain assignment which it desired to plead by the amended answer, the effect of which assignment would be not to relieve the defendant from liability, but to establish that its liability was to another person. (Dykman, J., dissenting.) The application in such case should be denied on condition that the plaintiff obtains an assignment of the cause of action from the party to whom it has been assigned by the assignment sought to be set up by the amended answer.

Appeal by the defendant, The Atlantic Avenue Railroad Company of Brooklyn, from an order of the Supreme Court, made at the Dutchess County Special Term and entered in the office of the

clerk of the county of Dutchess on the 20th day of November, 1893, denying the defendant's motion for leave to serve an amended answer.

*Tracy, Boardman & Platt,* for the appellant.

*James C. Church,* for the respondents.

CULLEN, J.:

This is an appeal from an order denying defendant's application for leave to serve an amended answer.

This litigation arises out of a lease executed by the defendant to the plaintiffs. The defendant sued the plaintiffs for the rent agreed to be paid, but was defeated. (134 N. Y. 375.) The plaintiffs brought this action to recover damages for breach of defendant's covenants. The lease was executed in 1886. The defendant's action was instituted in 1888 and this action in 1890. In the defendant's action for rent, the present plaintiffs alleged as a defense an assignment of the lease of the Brooklyn Cable Company, and its acceptance as a tenant by the Atlantic Avenue Railroad Company. The decision in that case proceeded on another ground. It thus appears that the defendant, long before the institution of this action, knew of the assignment. The amendment now desired by it is to plead such assignment.

We think that the application was properly denied on account of the *laches* of the defendant. This suit has been in litigation over three years, and has been to the Court of Appeals upon an interlocutory order. As to whether under the present answer the defendant can show the assignment to defeat the title of the plaintiff to the damages suffered, or whether such assignment, if shown, would defeat the plaintiff's title, we express no opinion. But it appears from the affidavits that the cable company practically is the property of the plaintiffs. The defense sought to be interposed does not go to relieve the defendant from liability, but to establish that its liability is in law to another person. If it was intended to question Johnson's right to the recovery, if any such might be had, it should have been done promptly. If the defense sought to be pleaded was that defendant was liable to no one, we might look upon it with favor. But the effect of the amendment will be to cause the bringing of another suit by the cable company, so that in one

case or the other there may be the right plaintiffs.   We think that the defendant should not now be granted any favor in this respect, but the defendant should be saved from any risk of a double litigation or of being compelled to pay the claim twice.

The order appealed from should be affirmed, with costs, provided that within thirty days the plaintiffs obtain an assignment to themselves of any claim the cable company may have against the defendant under the lease ; in default thereof the application may be renewed.

PRATT, J., concurred.

DYKMAN, J. (dissenting) :

The defendant in this action made a motion at the Special Term for leave to amend its answer to the complaint by the insertion of an allegation that prior to the commencement of this action, and the breaches of the contract charged in the complaint, the plaintiffs assigned the contract to the Brooklyn Cable Company.   That by reason of such assignment the cause of action for the breach of the contract belongs to the cable company, and the plaintiffs are not the proper parties to sue thereon.

The motion was denied, and the defendant has appealed to this court from the order of denial.

Our system of pleading and practice is very liberal, and amendments to pleadings are granted by the courts with great freedom. In practice it is almost a matter of course to permit an amendment to a pleading on application to the court for that purpose.

If there be any doubt respecting the sufficiency of the original answer in this case to enable the defendant to introduce testimony to show that the plaintiffs are not the real parties in interest, then the uncertainty should be removed by the allowance of the proposed amendment to the answer.

The delays in the litigation, and some inconsistent positions of the counsel for the defendant, are urged as a reason for the affirmance of this order, but the argument can have but little force.   There is ever more or less delay in all legal proceedings, and there is penalty provided for the inconsistency of lawyers.   But neither the delay nor the inconsistency have been very remarkable in this case.

Moreover, courts cannot administer justice upon the retributive

plan.    The defendant has done nothing to forfeit its rights to a fair trial and a fair opportunity to present every defense which there is to this action.

We do not deem it incumbent upon us now to determine whether the amendment proposed sets up a valid defense, nor whether the defendant is liable to the cable company.

The answer should be sufficiently broad to admit the defense, and the question of its validity may be left for determination upon the trial.    The merits should be reached unimpeded by technical objections under the pleadings.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted on payment of ten dollars costs.

Order affirmed, with ten dollars costs and disbursements.